# COMPOSITE EXHIBIT A

# Civil, Law, Chancery, Domestic Case Search

For your convenience, the Clerk of the Circuit Court offers on-line access to electronic docket information for cases in the Criminal divisions. By using this service, the user agrees and understands that he or she is bound by the on-line access to court records Terms of Agreement.

Case Information for Case Number: **2023CH08174**

Search Again

| Case Number | Calendar | Date Filed | Division |
|---|---|---|---|
| 2023CH08174 | CHCAL3 | 09/14/2023 | District 1 |

| Plaintiff(s) | Case Type | Defendant(s) | Attorney |
|---|---|---|---|
| MELANIE RADY | Class Actions | PANAMERICAN CONSULTING LLC | BRYAN THOMPSON |

| Ad Damnum | | | |
|---|---|---|---|
| 0 | | | |

**Future Court Activity:**

| **Court Date:** | 01/12/2024 | **Hearing Type:** | Motion/Case Management Call Case Management(Judicial Officer:Price Walker, Allen,Calendar, 3) | **Time:** | 9:30 AM | **Location:** | Court Room 2402,Richard J Daley Center |
|---|---|---|---|---|---|---|---|
| **Court Date:** | 01/12/2024 | **Hearing Type:** | Motion/Case Management Call Case Management(Judicial Officer:Price Walker, Allen,Calendar, 3) | **Time:** | 9:30 AM | **Location:** | Court Room 2402,Richard J Daley Center |

**Case Activities:**

| **Activity Date:** | 09/26/2023 | **Event Desc:** | Affidavit Of Service Filed | **Comments:** |
|---|---|---|---|---|
| **Activity Date:** | 09/14/2023 | **Event Desc:** | New Case Filing | **Comments:** |
| **Activity Date:** | 09/14/2023 | **Event Desc:** | Class Action Complaint Filed (Jury Demand) | **Comments:** |
| **Activity Date:** | 09/14/2023 | **Event Desc:** | Certificate Filed | **Comments:** |
| **Activity Date:** | 09/14/2023 | **Event Desc:** | Summons Issued And Returnable | **Comments:** |

Please Note: If data does not appear in a specific field, we likely do not have the responsive data in our master database. If you have reason to believe there is an error, please contact the Internet Court Call Help Line at 312.603.4357.

FILED
9/14/2023 1:58 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH08174
Calendar, 3
24377561

FILED DATE: 9/14/2023 1:58 PM   2023CH08174

| | | |
|---|---|---|
| **2120 - Served** | **2121 - Served** | **2620 - Sec. of State** |
| **2220 - Not Served** | **2221 - Not Served** | **2621 - Alias Sec of State** |
| **2320 - Served By Mail** | **2321 - Served By Mail** | |
| **2420 - Served By Publication** | **2421 - Served By Publication** | |
| **Summons - Alias Summons** | | **(12/01/20) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Melanie Rady, Individually and on behalf of all
others similarly situated

_____

Plaintiff(s)

v.

PANAMERICAN CONSULTING,LLC,

_____

Defendant(s)

c/o Aidin Rahimi, 3843 S. BRISTOL ST., #308
SANTA ANA, CA  92704

_____

Address of Defendant(s)

**2023CH08174**

Case No. _____

Please serve as follows (check one):  ○ Certified Mail   ○ Sheriff Service   ● Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE**. You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons** (12/01/20) CCG 0001 B

FILED DATE: 9/14/2023 1:58 PM   2023CH08174

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver.  For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www. illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone.  The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE:  Your appearance date is NOT a court date.  It is the date that you have to file your completed appearance by.  You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer:  (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service.  If service cannot be made, this summons shall be returned so endorsed.  This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: 62709
◯ Pro Se 99500

Name: Chicago Consumer Law Center, P.C.

Atty. for (if applicable):

Plaintiff

Address: 650 Warrenville Road, Suite 100

City: Lisle

State: IL    Zip: 60532

Telephone: 312-858-3239

Primary Email: Bryan.Thompson@cclc-law.com

Witness date _____

9/14/2023 1:58 PM IRIS Y. MARTINEZ

_____

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
    (To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:**  DRCourtDate@cookcountycourt.com
                OR
        ChildSupCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:     (312) 325-9500

### LAW DIVISION
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:**  D2CourtDate@cookcountycourt.com
Gen. Info:     (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:**  D3CourtDate@cookcountycourt.com
Gen. Info:     (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:**  D4CourtDate@cookcountycourt.com
Gen. Info:     (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:**  D5CourtDate@cookcountycourt.com
Gen. Info:     (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:**  D6CourtDate@cookcountycourt.com
Gen. Info:     (708) 232-4551

FILED DATE: 9/14/2023 1:58 PM  2023CH08174

FILED
9/14/2023 1:58 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH08174
Calendar, 3
24377561

FILED DATE: 9/14/2023 1:58 PM   2023CH08174

Chancery Division Civil Cover Sheet
General Chancery Section                                        (12/01/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Melanie Rady

_____
                                              Plaintiff

v.

PANAMERICAN CONSULTING,LLC,

_____
                                              Defendant

**2023CH08174**

Case No: _____

## CHANCERY DIVISION CIVIL COVER SHEET
## GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | |
|---|---|---|
| 0005 | ☑ | Administrative Review |
| 0001 | ☑ | Class Action |
| 0002 | ☐ | Declaratory Judgment |
| 0004 | ☐ | Injunction |
| 0007 | ☐ | General Chancery |
| 0010 | ☐ | Accounting |
| 0011 | ☐ | Arbitration |
| 0012 | ☐ | Certiorari |
| 0013 | ☐ | Dissolution of Corporation |
| 0014 | ☐ | Dissolution of Partnership |
| 0015 | ☐ | Equitable Lien |
| 0016 | ☐ | Interpleader |

| | | |
|---|---|---|
| 0017 | ☐ | Mandamus |
| 0018 | ☐ | Ne Exeat |
| 0019 | ☐ | Partition |
| 0020 | ☐ | Quiet Title |
| 0021 | ☐ | Quo Warranto |
| 0022 | ☐ | Redemption Rights |
| 0023 | ☐ | Reformation of a Contract |
| 0024 | ☐ | Rescission of a Contract |
| 0025 | ☐ | Specific Performance |
| 0026 | ☐ | Trust Construction |
| 0050 | ☐ | Internet Take Down Action (Compromising Images) |
| | ☐ | Other (specify) _____ |

○ Atty. No.: 62709          ○ Pro Se 99500

Atty Name: Bryan Thompson

Atty. for: Plaintiff

Address: 650 Warrenville Road, Suite 100

City: Lisle                    State: IL

Zip: 60532

Telephone: 312-858-3239

Primary Email: Bryan.Thompson@cclc-law.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Hearing Date: 1/12/2024 9:30 AM
Location: Court Room 2402
Judge: Price Walker, Allen

Case: 1:23-cv-15170 Document #: 12-1 Filed: 11/20/23 Page 8 of 30 PageID #:19

FILED
9/14/2023 1:58 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH08174
Calendar, 3
24377561

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

**MELANIE RADY,**
Individually and on behalf of all others
similarly situated,

*Plaintiff,*
**v.**

**PANAMERICAN CONSULTING, LLC,**

*Defendant.*

Case No.: **2023CH08174**

CLASS ACTION

**JURY DEMAND**

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff, Melanie Rady ("Plaintiff"), individually and on behalf of all other similarly situated, brings this action under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), the Illinois Debt Settlement Consumer Protection Act, ("DSCPA"), and the Credit Repair Organization Act ("CROA") for a finding that Defendant's actions violated the ICFA, DSCPA, CROA, and to recover damages for Defendant's violations thereof, and alleges:

## NATURE OF THE CASE

1.      Defendant Panamerican Consulting, LLC ("PCLLC") is a debt settlement provider that operates nationally and in the state of Illinois. However, Defendant does not practice law in the State of Illinois and does not employ attorneys that are permitted to, and regularly do, practice law in the State of Illinois.

1

FILED DATE: 9/14/2023 1:58 PM   2023CH08174

2.     Defendant targets consumers who are in significant debt with promises to improve their financial situation, and credit outlook. These consumers, like Plaintiff, are especially vulnerable: relentless collection letters, calls, and even lawsuits can, and do, drive them to seek an escape valve for their financial issues. Debt settlement providers, like Defendant, make enticing promises to consumers in debt, claiming that they can significantly lower their payments and help them resolve their debt problems, once and for all.

3.     However, these promises are often broken, leaving the consumer deeper in debt and in a much worse place than where they started. As a result, the State of Illinois enacted the Debt Settlement Consumer Protection Act, 225 ILCS 419 *et seq.* to regulate debt settlement companies in Illinois. The Consumer Fraud Act also more broadly regulates businesses as they relate to consumers.

4.     The DSCPA was enacted in 2010 to regulate debt settlement companies and include much needed consumer protections.

5.     The DSCPA includes requirements that debt settlement companies that choose to operate in Illinois become licensed in this state and abide by certain required provisions, such as a 15% cap on payment for settled debt. This act also prohibits certain false and deceptive communications by debt settlement providers, for example, prohibiting debt settlement companies as well as requiring certain disclosures to ensure that consumers are fully informed of the risks of hiring a debt settlement company.

6.     Violations of the Debt settlement consumer protection act are violations

FILED DATE: 9/14/2023 1:58 PM   2023CH08174

of the Illinois Consumer Fraud and Deceptive Business Practices Act. ICFA, 815 ILCS 505/2, ("Violations of the Debt Settlement Consumer Protection Act. Any person who violates the Debt Settlement Consumer Protection Act commits an unlawful practice within the meaning of this Act.").

7.      The rules governing debt settlement companies are clear, yet Defendant has violated numerous provisions of the DSCPA and ICFA, causing significant harm to Plaintiff and members of the putative class.

8.      In response to abuses by credit repair companies, Congress enacted the Credit Repair Organizations Act ("CROA") in 1996, as an amendment to the Consumer Protection Act ("CPA"). 15 U.S.C. § 1679 *et seq*.

9.      Congress did so against the backdrop of express findings that consumers have a vital interest in establishing and maintaining their credit worthiness and credit standing; that in order to obtain and use credit consumers who have experienced credit problems may seek assistance from credit repair organizations which offer to improve the credit standing of such consumers; and, that certain advertising and business practices of companies engaged in the character of business that Defendant operates have worked a financial hardship upon consumers— particularly those of limited economic means and who are inexperienced in credit matters. 15 U.S.C. § 1679(a).

10.     The CROA, which became effective on April 1, 1997, was enacted to improve the policing of companies associated with services offered to aid in credit repair by ensuring that consumers seeking to utilize such services are provided

FILED DATE: 9/14/2023 1:58 PM    2023CH08174

additional disclosures and other protections against deceptive business practices. *See* 15 U.S.C. § 1679(b).

**JURISDICTION AND VENUE**

11.  Jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(l) (transaction of any business within this State), section 2-209(a)(7) (the making or performance of any contract or promise substantially connected with this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States

12.  Jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(1) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

13.  Pursuant to General Order No. 1.2 of the Circuit Court of Cook County, this action is properly before the Chancery Division of the County Department because it is a Class Action.

**PARTIES**

14.  Plaintiff, Melanie Rady ("Plaintiff" or "Ms. Rady") is a resident and citizen of the state of Illinois.

15.  Plaintiff purchased and contracted for the purchase of "debt settlement services" with PCLLC as that term is defined in DSCPA, 225 ILCS 429/10.

16.  Plaintiff is a consumer as that term is defined in DSCPA, 225 ILCS

4

FILED DATE: 9/14/2023 1:58 PM    2023CH08174

429/10, ICFA, 815 ILCS 505/1(e) and CROA, 15 U.S.C. § 1679(a)(1).

17.     Plaintiff is also a person as that term is defined in ICFA, 815 ILCS 505/1(c).

18.     Defendant Panamerican Consulting, LLC ("PCLLC") is a California based debt settlement and credit repair company.

19.     Defendant's primary place of business is 3843 S. Bristol Street, #308, Santa Ana, California 92704.

20.     Defendant uses instruments of interstate commerce including the mails to sell, provide, or perform services, in return for the payment of money or other valuable consideration, for the express or implied purpose of engaging in consumers to provide alleged "debt settlement" services.

21.     Defendant solicited business from consumers throughout the United States, including Illinois.

22.     Defendant engaged in the business of providing debt settlement services in exchange for fees or compensation and are therefore "debt settlement providers" as that term is defined at 225 ILCS 429/10.

23.     Defendant conducted its debt settlement services in the state of Illinois and many other states.

24.     Defendant PCLLC uses instruments of interstate commerce including the mails and wires to sell, provide, or perform services, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving any consumer's credit record, credit history, or credit rating, and is

FILED DATE: 9/14/2023 1:58 PM   2023CH08174

therefore a "credit repair organization" as that term is defined at 15 U.S.C.A. § 1679a(3).

## FACTUAL ALLEGATIONS

25.     Plaintiff was having trouble paying certain bills and received solicitations from Defendant, or an agent working on behalf of Defendant, advertising debt settlement services.

26.     Specifically, Defendant claimed that it could significantly negotiate down Plaintiff's bills and that she would pay a fraction of what she allegedly owed.

27.     Defendant claimed that engaging its services would prevent long term damage to her credit profile.

28.     Based on this solicitation, Plaintiff spoke with an agent of Defendant, and obtained additional information.

29.     Defendant claims that it does not perform "debt settlement" but rather "debt validation" services in which it attempts to use technicalities to "invalidate" a debt and eliminate it from a consumer's credit report. However, Defendant does not have the ability to do this and there is no legal way to permanently and legally remove a valid and lawful debt without payment or negotiation with the creditor.

30.     After additional review of the documents and speaking with Defendant's representatives, Plaintiff was convinced that Defendant would be able to help her resolve her financial problems and agreed to hire Defendant.

31.     Defendant is not licensed as a debt settlement provider, even though a license is required in Illinois pursuant to the DSCPA to perform debt settlement

6

FILED DATE: 9/14/2023 1:58 PM    2023CH08174

services.

32.     After retaining Defendant's services, its agents told Plaintiff to stop paying her creditors and to no longer pay bills—even on lines of credit that were current.

33.     Defendant's agents additionally told Plaintiff to cease all communications with her creditors and to have all statements sent directly to Defendant's offices. This caused a further breakdown in relations between Plaintiff and her creditors.

34.     Plaintiff was concerned that failing to pay her bills would cause additional damage to her credit and cause litigation against her to collect alleged debts, and she reached out to Defendant.

35.     Defendant's agents told Plaintiff that her credit would only be decreased for a few months while Defendant's agents negotiated a settlement with her creditors, which, in turn, would cause her score to increase beyond where it had been before.

36.     However, Defendant's claims and assertions were false, and the impact of Defendant's suggested course of action was catastrophic for Plaintiff.

37.     Defendant's strategy only caused Plaintiff's financial situation to deteriorate further, as her creditworthiness was destroyed. She was forced to pay substantial amounts of money to Defendant even though Defendant did not provide the services as promised, and Plaintiff eventually faced litigation over alleged debts by at least one of her creditors.

FILED DATE: 9/14/2023 1:58 PM   2023CH08174

38.     Moreover, Defendant's actions violated Illinois law. Specifically, §
429/145 of the DSCPA states in relevant part:

> **Sec. 145. Prohibited practices. A debt settlement provider shall not do any of the following:**
>
> **(2)    Advise or represent, expressly or by implication, that consumers should stop making payments to their creditors.**
>
> **(3)    Advise or represent, expressly or by implication, that consumers should stop communicating with their creditors.**
>
> **(8) Advertise, display, distribute, broadcast, or televise services or permit services to be displayed, advertised, distributed, broadcasted, or televised, in any manner whatsoever, that contains any false, misleading, or deceptive statements or representations with regard to any matter, including services to be performed, the fees to be charged by the debt settlement provider, or the effect those services will have on a consumer's credit rating or on creditor collection efforts.**
>
> **(13) Misrepresent any material fact, make a material omission, or make a false promise directed to one or more consumers in connection with the solicitation, offering, contracting, or provision of debt settlement service.**
>
> **(17) Employ an unfair, unconscionable, or deceptive act or practice, including the knowing omission of any material information.**
>
> **(18) Engage in any practice that prohibits or limits the consumer or any creditor from communication directly with one another.**

**225 ILCS 429/145**

39.     Defendant also took thousands of dollars in fees, an amount in excess
of what is allowed under the DSCPA. The DSCPA allows a debt settlement company
to collect a maximum of 15% of the total amount saved. 225 ILCS 429/1

FILED DATE: 9/14/2023 1:58 PM   2023CH08174

40.     Defendant's "debt validation" efforts consisted solely of sending letters disputing the debt to Defendant and credit bureaus. However, these efforts were not effective, and would not be effective, as there is no legal requirement for credit bureaus or creditors to remove otherwise valid debts.

41.     Additionally, Defendant charged Plaintiff a "Validation Program Cost" of 50% of her "debt enrolled", costing her far in excess of the allowed fee cap under the DSCPA.

42.     Plaintiff has paid or been invoiced for fees in excess of 15% of the amount saved by Defendant even though this is in excess of what it could collect under the DSCPA.

43.     Defendant violated the following provisions of the DSCPA:

**Sec. 125. Fees.**

**(c) A debt settlement provider may charge a settlement fee, which shall not exceed an amount greater than 15% of the savings. If the amount paid by the debt settlement provider to the creditor or negotiated by the debt settlement provider and paid by the consumer to the creditor pursuant to a settlement negotiated by the debt settlement provider on behalf of the consumer as full and complete satisfaction of the creditor's claim with regard to that debt is greater than the principal amount of the debt, then the debt settlement provider shall not be entitled to any settlement fee.**

**225      CS 429/125**

44.     However, Defendant sought to charge Plaintiff 50% of her total debt entered into the program, rather than simply the savings, as allowed by law. In this way, Defendant overcharged both as a percentage (15% vs. 50%) as well as basing it on a higher amount overall (by considering all debt "enrolled", not just the savings

FILED DATE: 9/14/2023 1:58 PM   2023CH08174

that Defendant could obtain).

45.     As a result, Defendant violated 225 ILCS 429/125 of the DSCPA.

46.     The DSCPA additionally requires certain pre-sale disclosures be made to consumers. Defendant failed to make these disclosures fully and accurately in violation of 225 ILCS 429/115. Specifically, Defendant failed to disclose to Plaintiff that:

A. Using Defendant's services likely would harm Plaintiff's credit history and credit score (225 ILCS 429/115(a)(2));

B. Using Defendant's service would not stop creditor collection activity, including creditor lawsuits **and garnishments** (225 ILCS 429/115(a)(3));

C. Not all creditors will accept a reduction in the balance, interest rate, or fees a consumer owes (225 ILCS 429/115(a)(4));

D. Plaintiff remained obligated to make periodic or scheduled payments to creditors while participating in Defendant's debt settlement plan, and that Defendant will not make any periodic or scheduled payments to creditors on behalf of Plaintiff (225 ILCS 429/115(a)(6));

E. Plaintiff's failure to make periodic or scheduled payments to a creditor would likely: (A) harm her credit history, credit rating, or credit score; (B) lead the creditor to increase lawful collection activity, including litigation, garnishment of her wages, and judgment liens on her property; and (C) lead to the imposition by the creditor of interest charges, late fees, and other penalty fees, increasing the principal amount of the debt (225 ILCS 429/115(a)(7));

F. The amount of time estimated to be necessary to achieve the represented results (225 ILCS 429/115(a)(8)); or

G. The estimated amount of money or the percentage of debt that Plaintiff must accumulate before a settlement offer will be made to each of her creditors.

47.     Defendant's actions caused Plaintiff to default on further obligations,

resulting in her being sued by at least one of her creditors, causing additional financial damage. Defendant refused to assist Plaintiff in defending her in this matter as well.

48.     After Plaintiff was sued, Defendant did nothing to represent her in the action and does not have attorneys employed to represent and provide legal services to consumers in the state of Illinois.

49.     Plaintiff has been damaged as a result of Defendant's violations of the DSCPA, including but not limited to money spent in excess of what was allowed by law, loss of time, aggravation and inconvenience, and attorney's fees and court costs.

50.     Under § 429/80 of the DSCPA, "[a]ny contract of debt settlement service as defined in this Act made by an unlicensed person shall be null and void and of no legal effect."

51.     Because Defendant is unlicensed and has been operating without a license in this state, the contract between Plaintiff and Defendant is an illegal contract, is void *ab initio,* and Defendant may not enforce any of its provisions whatsoever, including the arbitration clause, class action waiver, or choice-of-law provision.

52.     While the contact between Plaintiff and Defendant contained an arbitration provision and class action waiver that sought to prohibit a class action and compel any dispute into private arbitration, this arbitration provision and class action wavier are void and unenforceable under the DSCPA.

FILED DATE: 9/14/2023 1:58 PM   2023CH08174

FILED DATE: 9/14/2023 1:58 PM   2023CH08174

## COUNT I

## Violations of the Debt Settlement Consumer Protection Act and Illinois Consumer Fraud Act

53.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

54.     This count is is brought on behalf of Plaintiff, individually and on behalf of all others similarly situated and against Defendant.

55.     The DSCPA states explicitly that violations of Section 105, 110, 115, 120, 125, 130, 135, 140, 145, or 150 of this Act constitutes an unlawful practice under the Consumer Fraud and Deceptive Business Practices Act.

56.     As set forth above, Defendant has violated at least sections 105, 115 – 125, and 135 – 150 of the DSCPA.

56.     By violating these provisions of the DSCPA, Defendant has also violated the Illinois Consumer Fraud Act.

57.     As discussed in detail above, Defendant's conduct and violations of the DSCPA and ICFA have caused substantial damage to Plaintiff and members of the putative class.

## Count II

## Credit Repair Organizations Act

58.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

59.     Plaintiff brings this Count as an action for damages for Defendant's

FILED DATE: 9/14/2023 1:58 PM    2023CH08174

violations of the CROA, 15 U.S.C.A. § 1679 *et seq*.

60.    On September 30, 1996, the CROA became effective; it regulates the credit repair organizations industry, and among other things, prohibits "unfair or deceptive advertising and business practices by credit repair organizations." 15 U.S.C.A. § 1679b(a)(2).

61.    Under 15 U.S.C.A. § 1679a(3)(A), the CROA provides as follows:

**The term "credit repair organization" --**

**(A) means any person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform (or represent that such person can or will sell, provide, or perform) any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of --**

**(i) improving any consumer's credit record, credit history, or credit rating; or**

**(ii) providing advice or assistance to any consumer with regard to any activity or service described in clause….**

62.    The purposes of the CROA, according to Congress, are: (1) to ensure that prospective buyers of the services of credit repair organization are provide with the information necessary to make an informed decision regarding the purchase of such services; and (2) to protect the public from unfair or deceptive advertising and business practices by credit repair organizations. 15 U.S.C. § 1679(b).

63.    Defendant, at all times relevant hereto, offered credit repair services in Illinois, in that Defendant, while acting as an intermediary between consumers and their creditors, advertised that Defendant could reduce the amount of debt due.

FILED DATE: 9/14/2023 1:58 PM   2023CH08174

64.     In the course of advertising, soliciting, offering for sale, and selling credit repair services to Illinois consumers, Defendant violated the CROA by, *inter alia*:

**A.     Failing to provide Plaintiffs with the disclosures required under the Act. 15 U.S.C.A. § 1679c and 1679d;**

**B.     Failing to provide Plaintiffs with a proper notice of cancellation. 15 U.S.C.A. § 1679d and 1679e;**

**C.     Charging Plaintiff money or other valuable consideration for its services prior to fully performing the same. 15 U.S.C.A. § 1679b(b); and,**

**D.     Making untrue or misleading representations regarding its credit repair services. 15 U.S.C.A. § 1679b(a)(3).**

65.     15 U.S.C.A. § 1679g(a)(3) states:

**(a) Liability established**

**Any person who fails to comply with any provision of this subchapter with respect to any other person shall be liable to such person in an amount equal to the sum of the amounts determined under each of the following paragraphs:**

**(3) Attorneys' fees**

**In the case of any successful action to enforce any liability under paragraph (1) or (2), the costs of the action, together with reasonable attorneys' fees.**

66.     Defendant further violated the CROA by engaging, directly or indirectly, in acts, practices, or a course of business designed to defraud and deceive Plaintiff

14

FILED DATE: 9/14/2023 1:58 PM   2023CH08174

regarding Defendant's credit repair services. 15 U.S.C.A. § 1679a.

67.     As a result of Defendant's conduct and its violations of the CROA, Plaintiff has been damaged.

68.     Plaintiff has suffered credit harm, mental anguish, emotional distress, aggravation, and humiliation as a result of Defendant's conduct.

## CLASS ALLEGATIONS

69.     Plaintiff brings this claim on behalf of a class. The class consists of:

**(a) all individuals with Illinois addresses; (b) who entered into a debt settlement agreement with Defendant; (c) and paid Defendant for debt settlement services; (d) within the past 3 years.**

70.     Plaintiff may alter the class definition to conform to developments in the case and discovery.

71.     The proposed class meets all requirements under 735 ILCS 5/2-801.

72.     **Numerosity:** Upon information and belief, the Class is so numerous that joinder of all individual plaintiffs would be impracticable. The exact number of class members is presently unknown to Plaintiff and can only be ascertained through discovery because that information is exclusively in the possession of Defendant. However, it is reasonable to infer that more than 40 Illinois consumers are members of the class. Class members can be easily identified through Defendant's records or by other means. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

15

FILED DATE: 9/14/2023 1:58 PM   2023CH08174

73.     **Commonality and Predominance:** This action involves common questions of law and fact, which predominate over any questions affecting individual class members, including, without limitation:

> **A.     Whether the Defendant charged unlawful fees to Plaintiff and members of the putative class;**
>
> **B.     Whether the Defendant violated the DSCPA;**
>
> **C.     Whether the Defendant violated the ICFA;**
>
> **D.     Whether Defendant violated the CROA;**
>
> **E.     Whether the Defendant made statements prohibited by law or that were otherwise false, inaccurate or deceptive;**
>
> **F.     Whether the Defendant advertised, displayed, distributed, broadcast, or televised services or permitted services to be displayed, advertised, distributed, broadcasted, or televised, in any manner whatsoever, that contains any false, misleading, or deceptive statements or representations with regard to any matter, including services to be performed, the fees to be charged by the debt settlement provider, or the effect those services will have on a consumer's credit rating or on creditor collection efforts;**
>
> **G.     Whether the Defendant misrepresented any material fact, made a material omission, or made a false promise directed to one or more consumers in connection with the solicitation, offering, contracting, or provision of debt settlement service;**
>
> **H.     Whether the Defendant employed an unfair, unconscionable, or deceptive act or practice, including the knowing omission of any material information;**
>
> **I.     Whether the Defendant is subject to the DSCPA, ICFA and CROA;**
>
> **J.     Whether Plaintiff and the Class are entitled to relief.**

74.     **Adequacy of Representation:** Plaintiff is an adequate representative

FILED DATE: 9/14/2023 1:58 PM    2023CH08174

of the Class because their interests do not conflict with the interests of the class members they seek to represent, and Plaintiff intends to prosecute this action vigorously. Plaintiff has retained counsel competent and experienced in class action litigation. The interests of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel and Plaintiff's claim is typical of the claims of the class members.

75. **Superiority:** A class action in this case would be superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for class members to individually seek redress for Defendant's wrongful conduct. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the judicial system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff asks for an award in her favor and against Defendant as follows:

A.     Certification of the proposed class;

B.     Designation of Plaintiff as representative of the proposed Class and

17

designation of Plaintiff's counsel as Class counsel;

    C.      Compensatory, statutory, actual, and nominal damages;

    D.      Punitive Damages as allowed by law;

    E.      Attorney's fees and costs of this action;

    F.      Injunctive relief against Defendant as allowed by law; and,

    G.      Such other or further relief as the court deems proper.

Respectfully Submitted,

By: */s/ Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
650 Warrenville Road, Suite 100
Lisle, IL 60532
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Seth McCormick (ARDC # 6309643)
Great Lakes Consumer Law Firm, LLC
73 W. Monroe St., Suite 100
Chicago, IL 60603
(312) 971-6787
seth@glclf.com

FILED DATE: 9/14/2023 1:58 PM   2023CH08174

18

FILED DATE: 9/14/2023 1:58 PM   2023CH08174

## VERIFICATION OF COMPLAINT

Pursuant to Section 1-109 of the Illinois Code of Civil Procedure, Plaintiff verifies, certifies, and declares as follows:

1.      I am a Plaintiff in this civil proceeding.

2.      I have read the civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true to the best of my knowledge, information, and belief, formed after reasonable inquiry.

3.      I have not filed this Complaint for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

4.      I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on:

_Sep 14, 2023_____
Date


_Melanie L Rady_____
Name

_Melanie L Rady_____
Signature

19

FILED DATE: 9/14/2023 1:58 PM   2023CH08174

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any communication, campaign, account, sale, or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that counsel for Plaintiffs claim a lien upon any recovery herein for any attorney's fees authorized by the above fee-shifting statutes or awarded by the Court. All rights relating to attorneys' fees have been assigned to counsel for Plaintiffs.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

20

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Bryan Thompson SBN 6310322**<br>**Chicago Consumer Law Center**<br>**650 Warrenville Road suite 100, Lisle, IL, USA Suite 100**<br>**Lisle, IL 60532**<br>ATTORNEY FOR **Plaintiff** | **(312) 858-3239** | Hearing Date: No hearing scheduled<br>Location: <<CourtRoomNumber>><br>Judge: Calendar, 3 |

FILED DATE: 9/26/2023 9:38 AM    2023CH08174

| | |
|---|---|
| CIRCUIT COURT OF ILLINOIS, COUNTY OF COOK - CHANCERY<br>50 W. Washington<br>Chicago, IL 60602 | **FILED**<br>9/26/2023 9:38 AM<br>IRIS Y. MARTINEZ<br>CIRCUIT CLERK<br>COOK COUNTY, IL<br>2023CH08174 |

| SHORT TITLE OF CASE: | |
|---|---|
| Rady, Melanie v. Panamerican Consulting LLC | |

| DATE: <br>01/12/2024 | TIME: <br>12:00 AM | DEP./DIV. | CASE NUMBER: <br>2023CH08174 | Calendar, 3<br>24522534 |
|---|---|---|---|---|

| **Affidavit of Service** | Ref. No. or File No: |
|---|---|

I, **Veronica Solano**, declare that on **9/21/2023** at the time of service I was at least 18 years of age, not a party to this action and reside in the State of **California**. I served the within:

**Complaint; Summons**

And that on: **9/21/2023**          at: **02:40 PM**, I served said documents on:

**Panamerican Consulting LLC   c/o Aidin Rahimi, Agent for Service of Process**

By leaving said documents with: **Angel A., Clerk at The UPS Store, Defendant's Usual Place of Mailing**, a person at least 18 years of age at the Defendants usual place of mailing. Served pursuant to California Rules of Civil Procedure 415.20(a).
**(desc: Male/Hispanic/28y/6ft/200lbs/Black hair, refused last name)**

At: **3843 S Bristol St #308, Santa Ana, CA 92704**

A declaration of mailing is attached.

Person who served papers:

   a. Name: **Veronica Solano**
   b. Address: **1801 Parkcourt Place Suite F100, Santa Ana, CA 92701**
   c. Telephone number: **714-973-9202**
   d. **The fee** for this service was: **85.00**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Veronica Solano_
**Veronica Solano**                                    Date: **09/23/2023**

| **Affidavit of Service** | **Invoice #: 8261790** |
|---|---|

FILED DATE: 9/26/2023 9:38 AM    2023CH08174

# CALIFORNIA JURAT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of  _Orange_

Subscribed and sworn (or affirmed) to before me this
_23rd_ day of _September_, 2023, by

Veronica Solano

Proved to me on the basis of satisfactory

evidence to be the person(s) who appeared before me.

Signature _____

COLLEEN DAWN
COMM. #2351591
Notary Public - California
Orange County
My Comm. Expires Apr. 9, 2025

---

**Affidavit of Service**                                    Invoice #: 8261790

FILED DATE: 9/26/2023 9:38 AM   2023CH08174

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Bryan Thompson SBN 6310322**<br>**Chicago Consumer Law Center**<br>**650 Warrenville Road suite 100, Lisle, IL, USA Suite 100**<br>**Lisle, IL 60532**<br>ATTORNEY FOR   **Plaintiff** | **312-858-3239** | |

CIRCUIT COURT OF ILLINOIS, COUNTY OF COOK - CHANCERY
50 W. Washington
Chicago, IL 60602

SHORT TITLE OF CASE:
Rady, Melanie v. Panamerican Consulting LLC

| DATE:<br>01/12/2024 | TIME:<br>12:00 AM | DEP./DIV. | CASE NUMBER:<br>2023CH08174 |
|---|---|---|---|
| **Proof of Service by Mail** | | | Ref. No. or File No: |

I am a citizen of the United States and employed in the County of **Orange** State of California.  I am and was on the dates herein mentioned, over the age of eighteen years and not a party to the action.

On **09/21/2023** after substituted service was made, I served the within:

*Complaint; Summons*

On the defendant, in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon pre-paid for first class in the United States mail At: **Santa Ana**, California, addressed as follows:
**Panamerican Consulting LLC**
**Registered Agent: Aidin Rahimi**
**3843 S Bristol St #308**
**Santa Ana, CA 92704**

Person who served papers:

  a. Name: **John Dawn**
  b. Address: **1801 Parkcourt Place Suite F100, Santa Ana, CA 92701**
  c. Telephone number: **714-973-9202**
  d. **The fee** for this service was: **85.00**
  e. I am :
  (3) [X] a registered California process server:
      (i) [X] Employee
      (ii) Registration No.: **PSC-53**
      (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**John Dawn**                                        Date: **09/23/2023**

---

**Proof of Service by Mail**                                        **Invoice #: 8261790**